# UNITED STATE DISTRICT COURT
# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT BINKELE, | Case No: 2:19-cv-01079-APG-VCF |
| Plaintiff, | **TEMPORARY RESTRAINING ORDER** |
| v. | |
| ADAM J. AUSLOOS, | |
| Defendant. | |

Plaintiff Robert Binkele filed a motion seeking a Temporary Restraining Order barring the Financial Industry Regulatory Authority (FINRA) from entering a default judgment against him in a pending arbitration proceeding. ECF No. 5. I conducted a hearing on July 1, 2019 and granted the motion. This order memorializes my decision.

**FINDINGS OF FACT**

1. In December 2018, defendant Adam Ausloos initiated an arbitration proceeding against Binkele before the FINRA titled *Adam J. Ausloos v. Centaurus Financial, Inc. and Robert Joseph Binkele*, FINRA Arb. No. 18-04252 (the "FINRA Arbitration"). Ausloos seeks $125,000 in damages based upon Binkele's alleged failure to perform the terms of a Marketing Sublicense Agreement (the Contract). The named parties to the Contract are Binkele's corporation, Estate Planning Team, Inc. (EPT), and Ausloos's limited liability company, Tax Deferral Trustee Services, LLC (TDTS).

2. The Contract contains the following provision:

> Each party hereto hereby agrees that in the event of any dispute arising out of, in connection with, or by reason of this Agreement or the performance of any party hereto contemplated hereunder, or any other disagreement of any nature, type or description regardless of the facts or legal theories which may be involved, such dispute shall be resolved by a confidential binding arbitration before Judicial Arbitration and Mediation Service ("JAMS"), pursuant to the Federal Arbitration Act (9 U.S.C. § 1, et seq.).

Ex. 3 to Complaint, pp. 6-7, ¶ 15.

////

3. Centaurus Financial, Inc. and Binkele filed lawsuits in the United States District Court for the Eastern District of Wisconsin to enjoin the FINRA Arbitration arguing that Ausloos's claims are not subject to FINRA Arbitration.

4. On May 8, 2019, the Wisconsin Court granted Centaurus' Motion for Preliminary Injunction and enjoined the FINRA Arbitration in its entirety. However, on June 19, the Wisconsin Court ordered that the stay as to Binkele be lifted after clarifying that the stay applied only to Ausloos's claims against Centaurus.

5. On June 20, 2019, the Wisconsin Court dismissed Binkele's lawsuit based upon *forum non conveniens*.

6. As of June 19, 2019, Ausloos is seeking entry of a default judgment against Binkele in the FINRA Arbitration.

7. On June 21, 2019, Binkele filed this lawsuit requesting declaratory relief that the parties must arbitrate before JAMS pursuant to the Contract. ECF No. 1. On June 24, 2019, he filed the TRO motion. ECF No. 5.

**CONCLUSIONS OF LAW**

To qualify for a preliminary injunction, a plaintiff must demonstrate: (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm, (3) the balance of hardships favors the plaintiff, and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). In the alternative, a "sliding scale" approach may be used if the plaintiff can demonstrate (1) serious questions on the merits, (2) a likelihood of irreparable harm, (3) the balance of hardships tips sharply in the plaintiff's favor, and (4) an injunction is in the public interest. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011).

Binkele has established that there are serious questions as to whether the JAMS provision in the Contract prevails over the FINRA default arbitration structure.

The balance of hardship tips sharply in favor of Binkele. There is a likelihood of irreparable harm to Binkele if the FINRA Arbitration is not enjoined and a default judgment is entered against Binkele. There is little harm to Ausloos if the FINRA Arbitration is enjoined for 14 days pending a hearing for a preliminary injunction.

The public interest favors an injunction to the extent it promotes the public right to freely contract in a particular forum.

As Ausloos will not suffer undue harm from this Temporary Restraining Order, the requirement of a bond is waived but may be addressed by Ausloos in briefing.

**ORDER**

IT IS HEREBY ORDERED that the Motion for TRO (**ECF No. 5) is GRANTED**, and that a Temporary Restraining Order shall issue immediately in favor of Binkele without bond.

IT IS FURTHER ORDERED that the FINRA Arbitration is hereby enjoined from proceeding against Binkele, including but not limited to entry of default or default judgment against Binkele, effective as of 11:55 a.m. PDT on July 1, 2019.

IT IS FURTHER ORDERED that counsel for Ausloos shall notify FINRA of this Temporary Restraining Order with copy to counsel for Binkele immediately.

IT IS FURTHER ORDERED that Ausloos as well as his agents, attorneys, and those persons in concert or participation with him, are hereby enjoined from engaging in any action that results or may reasonably be expected to result in prosecution of the FINRA Arbitration against Binkele in any way or assisting any third party engage in the enjoined action.

IT IS FURTHER ORDERED that this Temporary Restraining Order shall expire at the conclusion of the preliminary injunction hearing on July 15, 2019, unless otherwise extended by this court.

IT IS FURTHER ORDERED that the preliminary injunction hearing on July 15, 2019 shall be conducted without evidence or witnesses.

IT IS FURTHER ORDERED that Ausloos's counsel may appear on a limited pro hac vice basis and telephonically at the preliminary injunction hearing on July 15, 2019.

IT IS FURTHER ORDERED that Ausloos's supplemental opposition to the Motion for TRO is due by the close of business on July 8, 2019.

/ / / /

/ / / /

/ / / /

IT IS FURTHER ORDERED that Binkele's reply brief is due by noon on July 11, 2019.

Dated this 3rd day of July, 2019 *nunc pro tunc* to July 1, 2019 at 11:55 a.m.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

-4-